IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISCRICT OF ILLINOIS

APR 1 5 2019

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL EYER, <br> Plaintiff, <br><br> vs. <br><br> STATE'S ATTORNEY OFFICE OF <br> MORGAN COUNTY, <br> JACKSONVILLE POLICE <br> DEPARTMENT, OFFICER <br> Jason Valentine ,Doug Thompson, individually, and <br> ASA Craig Miller, Gray Noll, individually <br><br> Defendants, | Case Number 19-cv-3099 <br> Jury Demand |

## COMPLAINT

NOW COMES Plaintiff, MICHAEL EYER, pro se, for his Complaint at Law against Defendants, STATE'S ATTORNEY OFFICE OF MORGAN COUNTY, JACKSONVILLE POLICE DEPARTMENT, OFFICER Jason Valentine, Doug thompson, individually, and ASA, Craig Miller, Gray Noll individually, and in support of the above complaint, states as follows:

### PARTIES

1. Plaintiff, MICHAEL EYER, is a resident of the City of Jacksonville, Morgan County, Illinois.

2. Co-Defendant, JACKSONVILLE POLICE DEPARTMENT (hereafter referred to as "Jacksonville PD") is a municipal police department with its principal office located in the City of Jacksonville, Morgan County, Illinois.

3. Co-Defendant, STATE'S ATTORNEY OFFICE OF MORGAN COUNTY (hereafter referred to as "State's Attorney") is a municipal state's attorney's office with its principal office

1

located in the City of Jacksonville, Morgan County, Illinois.

4.     Co-Defendant, OFFICER Jason Valentine, Doug Thompson, is a law enforcement officer employed by

Jacksonville PD located in the City of Jacksonville, Morgan County, Illinois.

5.     Co-Defendant, ASA ,Craig Miller, Gray Noll is an prosecuting attorney employed by State's

Attorney located in City of Jacksonville, Morgan County, Illinois.

## SUBSTANTIVE ALLEGATIONS

6.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-5 above as if set forth herein in full.

7.     On 04/14/17, Plaintiff was driving a yellow John Deere M10G backhoe, his work vehicle, and was traveling westbound on West Walnut Street in the City of Jacksonville, County of Monroe, Illinois, after having performed some work for a client that required the use of the backhoe.

8.     That on 04/14/17, at 20:24, Plaintiff was arrested for allegedly operating a motor vehicle on a public roadway while his driver's license was revoked.

9.     That prior to the arrest, Plaintiff had explained to arresting officer who works for the Jacksonville PD that he was exempt from having committed any traffic violations under 625 ILCS 5/6-102.4 in that he had been operating road construction equipment.

10.    That prior to the arrest, Plaintiff also explained to the arresting officer who works for the Jacksonville PD that he had a restricted driving permit at the time of the arrest, which allowed Plaintiff to drive within a 100 mile radius of his place of employment in Morgan County and the permit also allowed him additional travel time outside of work hours to drive to and from his residence (office) and his work location.

11. That at the time of the arrest, Plaintiff's backhoe was confiscated.

12. That sometime after Plaintiff's arrest, Plaintiff had a conversation with the State's Attorney in which the State's Attorney informed Plaintiff that if Plaintiff's client came forth and informed the Jacksonville PD that Plaintiff had been working for him, all charges would dropped.

13. That despite Plaintiff and Plaintiff's client doing so, the State's Attorney continued to pursue the same charges against Plaintiff.

14. That 625 ILCS 5/6-102.4 states, "A person operating a road machine temporarily upon a highway or operating a farm tractor between the home farm buildings and any adjacent or nearby farm land for the exclusive purpose of conducting farm operations need not be licensed as a driver."

15. That 625 ILCS 5/1-177.5 defines "road machine" as "a machine or implement designed and used primarily for building, repair, or construction and involves only temporarily operating on roadways for purposes other than transportation."

16. That the backhoe that Plaintiff was operating on 04/14/17 was a "road machine" as defined by 625 ILCS 5/1-1775.

17. That based upon the above statutes, Plaintiff was clearly not in violation of the arresting charges of operating a motor vehicle on a public roadway while his driver's license was revoked.

18. That Plaintiff's charges against him are still pending under 17 TR 697 in Morgan County.

19. That Plaintiff's backhoe is still in the State's possession.

20. That as a result of not having his backhoe, Plaintiff sustained lost income in not being able to perform the jobs that required the use of the backhoe.

21. That as a result of this arrest and prosecution against Plaintiff, Plaintiff further expended

and became liable for, and will expend and become liable for, large sums of money for legal services defending against this prosecution.

## COUNT I – MALICIOUS ARREST
## JACKSONVILLE PD

22. At all times relevant hereto, Defendant Jacksonville PD, owed the public, including Plaintiff, a duty of care to refrain from willful and wanton acts and/or omissions in reckless disregard and/or utter indifference in regards to making proper, reasonable, and warranted arrests.

23. That Jacksonville PD were repeatedly informed by Plaintiff of Plaintiff's exemption and restricted driving permit allowing him to drive his backhoe on 04/14/17.

24. That Plaintiff's client spoke with Jacksonville PD in person and informed Jacksonville PD that Plaintiff had in fact been working for him prior to the arrest.

25. That despite the repeat attempts to get the Jacksonville PD to drop the charges, the Jacksonville PD, by and through its agents, employees and/or servants, breached its duty of care and committed one or more of the following willful and wanton acts and/or omissions in reckless disregard and/or indifference to Plaintiff.

   a. Willfully and wantonly failed to investigate the facts and circumstances regarding the arrest of Plaintiff, knowing that Plaintiff was, at the time of the arrest, exempt under 625 ILCS 5/6-102.4, and also had a restricted driving permit.

   b. Willfully and wantonly dismissed Plaintiff's client's statement that Plaintiff had previously been working for him at the time of the arrest.

   c. Willfully and wantonly continued to arrest Plaintiff with operating a motor vehicle on a public roadway while his driver's license was revoked, even though said Defendant

had knowledge that Plaintiff was exempt under 625 ILCS 5/6-102.4, and also had a restricted driving permit, allowing him to drive his backhoe the night of the arrest.

   d. Willfully and wantonly acted as a co-conspirator in assisting the State's Attorney to prosecute Plaintiff, even though said Defendant had knowledge that Plaintiff was exempt under 625 ILCS 5/6-102.4, and also had a restricted driving permit, allowing him to drive his backhoe the night of the arrest.

   e. Was otherwise willful and wanton.

26. As a direct and proximate result of the aforementioned willful and wanton acts and/or omissions, which were in conscious disregard of Plaintiff, Plaintiff has sustained serious financial losses and suffered severe emotional distress.

27. As a result of the aforesaid conduct of the Defendant Jacksonville PD, Plaintiff sustained the injuries, financial losses, expenses, and incidental damages, without any negligence of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff, MICHAEL EYER, demands judgment against the Defendant, JACKSONVILLE PD, in an amount that exceeds FIFTY THOUSAND ($50,000.00) DOLLARS and such additional amounts, as the jury and the Court shall deem proper, plus costs of said suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES HEREIN.**

### COUNT II – MALICIOUS PROSECUTION
### STATE'S ATTORNEY

28. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

29. At all times relevant hereto, Defendant State's Attorney, owed the public, including

Plaintiff, a duty of care to refrain from willful and wanton acts and/or omissions in reckless disregard and/or utter indifference in regards to pursuing proper, reasonable, and warranted prosecutions.

30. That State's Attorney were repeatedly informed by Plaintiff of Plaintiff's exemption and restricted driving permit allowing him to drive his backhoe on 04/14/17.

31. That Plaintiff spoke with State's Attorney in person, by which the State's Attorney said that should Plaintiff's client come forth and provide a statement to Jacksonville PD that Plaintiff had been working for him, then all charges would be dropped.

32. That Plaintiff's client informed Jacksonville PD that Plaintiff had been working for him prior to the arrest, but the charges against Plaintiff by Defendant State's Attorney continued.

33. That despite the repeat attempts to get the State's Attorney to drop its prosecution against Plaintiff, the State's Attorney, by and through its agents, employees and/or servants, breached its duty of care and committed one or more of the following willful and wanton acts and/or omissions in reckless disregard and/or indifference to Plaintiff.

   a. Willfully and wantonly failed to investigate the facts and circumstances regarding the prosecution of Plaintiff, knowing that Plaintiff was, at the time of the arrest, exempt under 625 ILCS 5/6-102.4, and also had a restricted driving permit.

   b. Willfully and wantonly dismissed Plaintiff's client's statement that Plaintiff had previously been working for him at the time of the arrest.

   c. Willfully and wantonly continued to prosecute Plaintiff with operating a motor vehicle on a public roadway while his driver's license was revoked, even though said Defendant had knowledge that Plaintiff was exempt under 625 ILCS 5/6-102.4, and

      also had a restricted driving permit, allowing him to drive his backhoe the night of the arrest.

    d. Willfully and wantonly acted as a co-conspirator in assisting the Jacksonville PD to arrest Plaintiff, even though said Defendant had knowledge that Plaintiff was exempt under 625 ILCS 5/6-102.4, and also had a restricted driving permit, allowing him to drive his backhoe the night of the arrest.

    e. Was otherwise willful and wanton.

34. As a direct and proximate result of the aforementioned willful and wanton acts and/or omissions, which were in conscious disregard of Plaintiff, Plaintiff has sustained serious financial losses and suffered severe emotional distress.

35. As a result of the aforesaid conduct of the Defendant State's Attorney, Plaintiff sustained the injuries, financial losses, expenses, and incidental damages, without any negligence of the Plaintiff contributing thereto.

    WHEREFORE, the Plaintiff, MICHAEL EYER, demands judgment against the Defendant, STATE'S ATTORNEY, in an amount that exceeds FIFTY THOUSAND ($50,000.00) DOLLARS and such additional amounts, as the jury and the Court shall deem proper, plus costs of said suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES HEREIN.**

### COUNT III – MALICIOUS ARREST
**OFFICER Jason valentine, Doug Thompson**

36. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

37. That Co-Defendant, Officer Jason valentine, Doug Thompson, is employed by Co-Defendant Jacksonville PD.

38. At all times relevant hereto, Defendant Officer , owed the public including Plaintiff, a duty of care to refrain from willful and wanton acts and/or omissions in reckless disregard and/or utter indifference in regards to making proper, reasonable, and warranted arrests.

39. That Officer Jason valentine, Doug Thompson was repeatedly informed by Plaintiff of Plaintiff's exemption and restricted driving permit allowing him to drive his backhoe on 04/14/17.

40. That Plaintiff's client spoke with Officer Jason valentine, Doug Thompson in person and informed Officer Jason valentine, Doug Thompson that Plaintiff had in fact been working for him prior to the arrest.

41. That despite the repeat attempts to get Officer Jason valentine, Doug Thompson to drop the charges, Officer Jason valentine, Doug Thompson breached his duty of care and committed one or more of the following willful and wanton acts and/or omissions in reckless disregard and/or indifference to Plaintiff.

   a. Willfully and wantonly failed to investigate the facts and circumstances regarding the arrest of Plaintiff, knowing that Plaintiff was, at the time of the arrest, exempt under 625 ILCS 5/6-102.4, and also had a restricted driving permit.

   b. Willfully and wantonly dismissed Plaintiff's client's statement that Plaintiff had previously been working for him at the time of the arrest.

   c. Willfully and wantonly continued to arrest Plaintiff with operating a motor vehicle on a public roadway while his driver's license was revoked, even though said Defendant had knowledge that Plaintiff was exempt under 625 ILCS 5/6-102.4, and also had a restricted driving permit, allowing him to drive his backhoe the night of the arrest.

    d. Willfully and wantonly acted as a co-conspirator in assisting the State's Attorney to prosecute Plaintiff, even though said Defendant had knowledge that Plaintiff was exempt under 625 ILCS 5/6-102.4, and also had a restricted driving permit, allowing him to drive his backhoe the night of the arrest.

    e. Was otherwise willful and wanton.

42. As a direct and proximate result of the aforementioned willful and wanton acts and/or omissions, which were in conscious disregard of Plaintiff, Plaintiff has sustained serious financial losses and suffered severe emotional distress.

43. As a result of the aforesaid conduct of the Defendant Officer Jason valentine, Doug Thompson, Plaintiff sustained the injuries, financial losses, expenses, and incidental damages, without any negligence of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff, MICHAEL EYER, demands judgment against the Defendant, Officer Jason valentine, Doug Thompson, in an amount that exceeds FIFTY THOUSAND ($50,000.00) DOLLARS and such additional amounts, as the jury and the Court shall deem proper, plus costs of said suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES HEREIN.**

## COUNT IV – MALICIOUS PROSECUTION
## ASA

44. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

45. That Co-Defendant, ASA Craig Miller, Gray Noll is employed by State's Attorney.

46. At all times relevant hereto, ASA Craig Miller, Gray Noll, owed the public, including Plaintiff, a duty of care to refrain from willful and wanton acts and/or omissions in reckless

disregard and/or utter indifference in regards to pursuing proper, reasonable, and warranted prosecutions.

47. That ASA Craig Miller, Gray Noll was repeatedly informed by Plaintiff of Plaintiff's exemption and restricted driving permit allowing him to drive his backhoe on 04/14/17.

48. That Plaintiff spoke with ASA Craig Miller, Gray Noll in person, by which the State's Attorney said that should Plaintiff's client come forth and provide a statement to Jacksonville PD that Plaintiff had been working for him, then all charges would be dropped.

49. That Plaintiff's client informed Jacksonville PD that Plaintiff had been working for him prior to the arrest, but the charges against Plaintiff by ASA Craig Miller, Gray Noll continued.

50. That despite the repeat attempts to get ASA Craig Miller, Gray Noll to drop its prosecution

against Plaintiff, ASA Craig Miller, Gray Noll duty of care and committed one or more

breached its of the following willful and wanton acts and/or omissions in reckless disregard and/or

indifference to Plaintiff.

    a. Willfully and wantonly failed to investigate the facts and circumstances regarding the prosecution of Plaintiff, knowing that Plaintiff was, at the time of the arrest, exempt under 625 ILCS 5/6-102.4, and also had a restricted driving permit.

    b. Willfully and wantonly dismissed Plaintiff's client's statement that Plaintiff had previously been working for him at the time of the arrest.

    c. Willfully and wantonly continued to prosecute Plaintiff with operating a motor vehicle on a public roadway while his driver's license was revoked, even though said Defendant had knowledge that Plaintiff was exempt under 625 ILCS 5/6-102.4, and

also had a restricted driving permit, allowing him to drive his backhoe the night of the arrest.

    d. Willfully and wantonly acted as a co-conspirator in assisting the Jacksonville PD to arrest Plaintiff, even though said Defendant had knowledge that Plaintiff was exempt under 625 ILCS 5/6-102.4, and also had a restricted driving permit, allowing him to drive his backhoe the night of the arrest.

    e. Was otherwise willful and wanton.

51. As a direct and proximate result of the aforementioned willful and wanton acts and/or omissions, which were in conscious disregard of Plaintiff, Plaintiff has sustained serious financial losses and suffered severe emotional distress.

52. As a result of the aforesaid conduct of ASA Craig Miller, Gray Noll, Plaintiff sustained the injuries, financial losses, expenses, and incidental damages, without any negligence of the Plaintiff contributing thereto.

WHEREFORE, the Plaintiff, MICHAEL EYER, demands judgment against the Defendant, ASA Craig Miller, Gray Noll in an amount that exceeds FIFTY THOUSAND ($50,000.00) DOLLARS and such additional amounts, as the jury and the Court shall deem proper, plus costs of said suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES HEREIN.**

Respectfully Submitted by:

_____
Michel Eyer, Pro Se

Michael Lee Eyer
Pro Se
1626 Sugar Hollow Road
Jacksonville, IL 62650
217-473-6400

## AFFIDAVIT OF DAMAGES

The undersigned Affiant, Michael Eyer., entered as attorney of record for the Plaintiff, hereby states in accord with Illinois Supreme Court Rule 222(b), that, on information and belief, damages sought for settlement of this suit does exceed FIFTY THOUSAND ($50,000.00) DOLLARS.

FURTHER THE AFFIANT SAYETH NOT.

_____
Michael Eyer

Michael Lee Eyer
Pro Se
1626 Sugar Hollow Road
Jacksonville, IL 62650
217-473-6400